621 S.E.2d 361

**BLIND TIGER, LLC, Appellant,**

v.

**CITY OF CHARLESTON, Respondent.**

No. 4025.

Court of Appeals of South Carolina.

Heard June 7, 2005.

Decided Sept. 19, 2005.

Rehearing Denied Nov. 17, 2005.

---

James Lee Bell, of Charleston, for Appellant.

Charlton Desaussure, Jr., Timothy A. Domin, both of Charleston, for Respondent.

HEARN, C.J.:

In this civil action, Blind Tiger, L.L.C. argues the circuit court erred in dismissing its appeal from the decision of the Charleston County Board of Architectural Review (the Board) as untimely. We affirm.

## FACTS

The Blind Tiger is a pub located at 36–38 Broad Street in the heart of Charleston's old and historic district. City ordinances require prior approval for alterations to the "exterior architectural appearance" of buildings located in this area of Charleston.[1] However, prior to applying for approval from the Board, the Blind Tiger hired a local artisan to install a tinted window film and tiger design on the interior front, street-level window facing Broad Street. The Charleston Department of Design, Development, and Preservation became aware that the design and tinted film had not been approved and asserted the Board of Architectural Review must approve any such alterations. Blind Tiger filed a formal application with the Department of Design, Development, and Preservation for "after-the-fact" approval of its window film and tiger design. The application was denied. Blind Tiger appealed to the Board.

---

1. *See* Charleston Zoning Code § 54–232. Section 54–231 defines "exterior architectural appearance" as "the type and character of all windows, doors, light fixtures, signs and appurtenant elements, visible from a street or public thoroughfare."

On November 12, 2003, the Board conducted a hearing at which representatives of both Blind Tiger and the city were present. At the hearing, Blind Tiger argued the Board lacked authority to regulate alterations to the interior of windows of a business located in the old and historic district. At the conclusion of the hearing on November 12, 2003, the Board issued an oral ruling upholding the department's decision and ordering removal of the window film and tiger design within ten days. Also, at the time the decision was rendered, a member of the commission placed an "X" in the box of the application next to "Denial."

Blind Tiger did not file an appeal of the Board decision until February 2, 2004, eighty-two days after the hearing. The circuit court dismissed Blind Tiger's appeal as untimely under section 6–29–900 of the South Carolina Code (2004). This appeal followed.

## STANDARD OF REVIEW

In reviewing a decision by a board of architectural review, the circuit court should act when the board abuses its discretion by committing errors of law or bases its decision on findings of fact that are not supported by the evidence. *Gurganious v. City of Beaufort*, 317 S.C. 481, 486, 454 S.E.2d 912, 915 (Ct.App.1995). Furthermore, our standard of review of a board of architectural review's decision is the same as that of the trial court. *Fairfield Ocean Ridge, Inc. v. Town of Edisto Beach*, 294 S.C. 475, 479–80, 366 S.E.2d 15, 18 (Ct.App. 1988) (holding the appellate court will not reverse the circuit court's affirmance of the board unless the board's findings of fact have no evidentiary support or the board commits an error of law).

## LAW/ANALYSIS

Blind Tiger alleges the circuit court erred in dismissing its appeal as untimely. We disagree.

Section 6–29–900 of the South Carolina Code controls the appeal requirements from a board of architectural review to the circuit court. Section 6–29–900 provides, in pertinent part:

A person who may have a substantial interest in any decision of the board of architectural review or any officer, or agent of the appropriate governing authority may appeal from any decision of the board to the circuit court in and for the county by filing with the clerk of court a petition in writing setting forth plainly, fully, and distinctly why the decision is contrary to law. The appeal must be filed within thirty days after the affected party receives *actual notice* of the decision of the board of architectural review.

S.C.Code § 6–29–900(A) (2004) (emphasis added).

Blind Tiger contends it complied with the requirement contained in section 6–29–900 as it appealed within thirty days of receipt of the Board's written notice of the decision. Blind Tiger alleged it received written notice of the decision on January 30, 2004, and filed the appeal to the circuit court on February 2, 2004, which was within the thirty-day period prescribed in section 6–29–900.

However, Blind Tiger's argument ignores the plain meaning of Section 6–29–900. That section mandates an appeal to the circuit court must be made "within thirty days after the affected party receives *actual notice* of the decision." Thus, the triggering mechanism for filing an appeal is actual notice of the adverse decision, not receipt of the written notice.

Actual notice is synonymous with knowledge. *Strother v. Lexington County Recreation Comm'n*, 332 S.C. 54, 63 n. 6, 504 S.E.2d 117, 122 n. 6 (1998). "Notice is regarded as actual where the person sought to be charged therewith either knows of the existence of the particular facts in question or is conscious of having the means of knowing it, even though such means may not be employed by him." *Id.*

Blind Tiger acknowledged its representatives were present at the November 12, 2003 hearing of the Board when the decision was rendered ordering Blind Tiger to remove the film within ten days. Therefore, we find Blind Tiger had actual notice of the Board's decision on November 12, 2003, and Blind Tiger's failure to file an appeal until February 2, 2004, some 82 days after actual notice under section 6–29–900, renders its appeal untimely.

## CONCLUSION

Based on the foregoing, the order of the circuit court dismissing Blind Tiger's appeal as untimely is hereby **AFFIRMED.**

BEATTY and SHORT, JJ., concur.